1   Elissa D. Miller
      emiller@sulmeyerlaw.com
2   333 South Grand Avenue, Suite 3400
    Los Angeles, California 90071
3   Telephone: 213.626.2311
    Facsimile: 213.629.4520
4

5   Chapter 7 Trustee

6

7

8                   **UNITED STATES BANKRUPTCY COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11  In re                                    Case No. 2:21-bk-11697-BR

12  SIMPLY HYBRID, LLC,                      Chapter 7

13                                           **TRUSTEE'S RECOMMENDATION RE
                                             REPORT OF AUCTIONEER AND
                                             COMPENSATION OF AUCTIONEER FEES**
14            Debtor.                        **AND EXPENSES AND EXONERATION OF
                                             AUCTIONEER'S BOND**
15
                                             **[Auctioneer Report Submitted
16                                           Concurrently Herewith]**

17                                           **[Proposed Order Uploaded Concurrently
                                             Herewith]**
18
                                             [No Hearing Required]
19

20

21  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

22  **THE OFFICE OF THE UNITED STATES TRUSTEE AND TO ALL PARTIES IN**

23  **INTEREST:**

24          Elissa D. Miller, the duly appointed, qualified and acting Chapter 7 Trustee of the

25  above-referenced case, hereby submits her *Recommendation Re Report Of Auctioneer*

26  *And Compensation Of Auctioneer Fees And Expenses And Exoneration Of Auctioneer's*

27  *Bond* as follows:

28

EDM 2711672v1

1.    Attached hereto as **Exhibit A** is a true and correct copy of the "*Application By Chapter 7 Trustee For Authority To Employ R.L. Spear Co., Inc. As Auctioneer; To Authorize Public Sale By Auctioneer And To Pay Auctioneer Upon Conclusion Of Sale In Accordance With The Terms Hereof; Statement Of Disinterestedness; Declaration In Support Thereof*" (the "Application") [Docket No. 15].

2.    Attached hereto as **Exhibit B** is a true and correct copy of the "*Notice of Opportunity to Request a Hearing On Motion*" [Docket No. 16].

2.    Attached hereto as **Exhibit C** is a true and correct copy of the "*Order Granting Application By Chapter 7 Trustee For Authority To Employ R.L. Spear Co., Inc. As Auctioneer; To Authorize Public Sale By Auctioneer And To Pay Auctioneer Upon Conclusion Of Sale In Accordance With The Terms Hereof,*" entered on May 11, 2021 [Docket No. 27].

3.    Attached hereto as **Exhibit D** is the "*Report Of Auctioneer And Application For Fees And Expenses.*"

4.    Attached hereto as **Exhibit E** is the proposed "*Order Approving Trustee's Recommendation Re: Report Of Auctioneer And Compensation Of Auctioneer And Exoneration Of Auctioneer's Bond.*"

**WHEREFORE**, the Trustee requests that she be authorized to compensate R.L. Spear Co., Inc. for its buyer's premium, commission, labor, advertising and a bond premium in the total amount of $15,960.76.

DATED: May 28, 2021                         Respectfully submitted,


                                            /s/ *Elissa D. Miller*
                                            Elissa D. Miller
                                            Chapter 7 Trustee

**EXHIBIT A**

1  Elissa D. Miller
   *emiller@sulmeyerlaw.com*
2  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071
3  Telephone: 213.626.2311
   Facsimile: 213.629.4520
4

5  Chapter 7 Trustee

6                **UNITED STATES BANKRUPTCY COURT**

7       **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

8
   In re                                | Case No. 2:21- bk-11697-BR
9
                                        | Chapter 7
10 SIMPLY HYBRID, LLC,
                                        | **APPLICATION BY CHAPTER 7 TRUSTEE**
11                                      | **FOR AUTHORITY TO EMPLOY R.L.**
                                        | **SPEAR CO., INC. AS AUCTIONEER; TO**
12              Debtor.                 | **AUTHORIZE PUBLIC SALE BY**
                                        | **AUCTIONEER AND TO PAY AUCTIONEER**
13                                      | **UPON CONCLUSION OF SALE IN**
                                        | **ACCORDANCE WITH THE TERMS**
14                                      | **HEREOF; STATEMENT OF**
                                        | **DISINTERESTEDNESS; DECLARATION IN**
15                                      | **SUPPORT THEREOF**

16                                      | **[11 U.S.C. § 327, FED.R. BANKR. P. 2014**
                                        | **AND LOC. BANKR. R. 2014-1(B)]**
17
                                        | **Auction Date:  To Be Set**
18
                                        | No Hearing Date Required]
19

20 **TO THE  HONORABLE BARRY RUSSELL, UNITED STATE BANKRUPTCY JUDGE,**

21 **OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS AND ALL INTERESTED**

22 **PARTIES:**

23        Elissa D. Miller, the Chapter 7 Trustee (the "Trustee") for Simply Hybrid, LLC. (the

24 "Debtor") hereby files her "*Application By Chapter 7 Trustee For Authority To Employ R.L.*

25 *Spear Co., Inc. As Auctioneer; To Authorize Public Sale By Auctioneer And To Pay*

26 *Auctioneer Upon Conclusion Of Sale in Accordance with the Terms Hereof; Statement Of*

27 *Disinterestedness; Declaration In Support Thereof*"  (the "Application") pursuant to which

28 she seeks authority to retain R.L. Spear Co., Inc. ("Spear") as her auctioneer as follows:

EDM 2710871v1

0003

1       1.      On March 3, 2021  (the "Petition Date"), the Debtor filed a voluntary petition

2    under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), thereby

3    commencing the above-captioned bankruptcy case. Elissa D. Miller was appointed as the

4    Chapter 7 Trustee (the "Trustee") and has been serving in that capacity since.

5       2.      Following her appointment, the Trustee reviewed the pleadings and other

6    documents filed in the case and met with the Debtor.  She also examined the Debtor at

7    its meeting of creditors.

8       3.      The Trustee learned that prior to the Petition Date, the Debtor was in the

9    car rental and chauffeuring business.  According to the Debtor its business suffered even

10    before the pandemic due to the likes of Uber and Lyft.  The pandemic, according to the

11    Debtor was the death knell of the business.

12       4.      At the time the Debtor ceased operating and filed the case, the Debtor

13    owned the following four automobiles free and clear (the "Assets").  According to the

14    Debtor, the condition of the all but the Suburban which is listed as good, is poor to fair

15    with high mileage.

16                 2015 Chevrolet Suburban – Black

17                 2015 Toyota Prius – Black

18                 2015 Toyota Prius – Gray

19                 2013 Ford Escape - Black

20       5.      The Trustee and Spear met and viewed the Assets and so that Spear could

21    value the Assets for Auction purposes.

22       6.      I have determined that the best and most feasible manner for liquidating the

23    Assets is through the employment of Spear.

24       7.      Following discussions, Spear and I agreed that it was economically

25    beneficial to sell the Assets and that Spear would move the assets to a safe location

26    where they can be safeguarded prior to the sale.

27       8.      As this time, in order to facilitate the foregoing sale , it is necessary for me

28    to employ a duly bonded auctioneer.  Upon the granting of this application, I will retain

1    and employ Spear. Attached hereto as **Exhibit 1** is the Auction Proposal ("Auction Plan").

2    Spear has requested and I have agreed that it may subcontract portions of the work to

3    R.L.

4        9.    Notice of this application to employ Spear (the "Notice") is being served

5    concurrently herewith and is being serviced on all creditors parties in interest.

6        10.    The Sale will be conducted as an Internet Auction on the earliest date

7    following the approval of the employment to allow for optimal advertising.  The advertising

8    will provide that the items may be previewed at 11473 Gladstone Ave., Unit L, Sylmar,

9    CA 91432 prior to the bid close date.  Concurrently with filing this Application, I am

10   posting the notice of sale pursuant to Local Rule 6004-2 on the Court's website and

11   Spear will also advertise the sale to the public.

12       11.    Based on Spear's review of the Assets, Spear is estimating the auction

13   value of the Assets will be approximately $25,000.

14       12.    Spear has agreed to conduct the Auction as a public sale and in

15   consideration therefore will receive a ten percent (10%) commission from the estate, and

16   a (13%) buyer's premium from the purchasers plus an expense allowance from the estate

17   of not to exceed $2,000.00.

18       13.    As detailed in the attached Auction Plan, the costs include advertising,

19   labor, permits, etc.

20       14.    The Declaration of David Spear is attached hereto.  Mr. Spear is a

21   disinterested parties within the meaning of 11 U.S.C. § 101(14).  Based on Auctions

22   conducted by Spear for me in other cases and for other Trustees, I am confident that

23   Spear is fully competent to perform the services for which his is being employed.  A true

24   and correct copy of Spear's resume is attached hereto as **Exhibit 2** and his General

25   Auction Bond as **Exhibit 3.**

26       15.    Spear will collect and pay sales tax under its resale license on all sales plus

27   the buyers' premium.  As the party collecting the funds, Spear is required by law to file

28   sales tax returns and remit the tax.

EDM 2710871v1                                    -3-

16.    The Auction will be an internet only auction.  However, prior to the sale the assets will be available to view on a specifically advertised day at set hours at the address above.  After the sale, successful buyers will be required to come to the same location (11473 Gladstone Ave., Unit L, Sylmar, CA 91432 ) to pick up their purchases. At all times when the assets are on view or available for pick up, a representative of Spear will be present.

17.    Assets left at the conclusion of the sale, if any, will be abandoned back to the Debtor.

18.    I wish to be able to pay Spear in accordance with the procedures set forth in Supervisory Instruction #10.  Spear understands that the gross proceeds shall be turned over to the Trustee, along an accounting within 21 days after the sale.  Within 30 days of receipt of the Report of Auctioneer, the trustee shall file with the court the Report with a brief Declaration asserting that: the Trustee has compared the Report of Auctioneer to the list of items/lots sold, indicating the Report is satisfactory, and request entry of an order approving the payment of compensation to Spear pursuant to the Notice of Sale and Report of Auctioneer and exoneration of the auctioneer of his bonds.

**WHEREFORE**, I respectfully request that I be authorized to employ R.L. Spear Co, Inc. as my auctioneer, for authority for Spear to conduct a public sale, and to pay Spear in accordance with the terms set forth herein upon entry of an Order, and that this Court grant such other and further relief as it may deem just and property.

DATED:April 9, 2021                              Respectfully submitted,


/s/ *Elissa D. Miller*
Elissa D. Miller
Chapter 7 Trustee

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER BANKRUPTCY RULE 2014

[The following information is supplied in conformity with United States Bankruptcy Court, Central District of California, Form No. 2014-1]

1.    Name, address and telephone number of the professional ("the Professional") submitting this Statement:

      R.L. Spear Co., Inc., 5776 D Lindero Canyon Rd., #409, Westlake Village, CA 91362, 818 735-0822

2.    The services to be rendered by the Professional in this case are *(specify)*:

The Professional will act as auctioneer for the Estate of Simply Hybrid, LLC, Elissa D. Miller, Chapter 7 Trustee.

3.    The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:

      10% commission from estate; 13% buyer's premium plus costs estimated at not greater than $2,000.00.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) half by the Professional are *(specify)*:

      None.

5.    The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:

      I have carefully reviewed Spear's files and have determined that no conflict exists in connection with this matter.  I have determined that Spear does not represent anyone with any interests adverse to the Estate.  Further, Spear represents no creditor or other party in this Chapter 7 case and has no interest adverse to the Debtor or the Estate.  Therefore, to the best of my knowledge, information and belief, Spear is a disinterested party in the Debtor's Chapter 7 case as that term is defined by the Bankruptcy Code.

6.    The following is a complete description of all of the Professional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee *(specify, attaching extra pages as necessary)*:

      None

7. The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows *(specify, attaching extra pages as necessary)*:

> N/A

8. The Professional is not and was not an investment banker for any outstanding security of the debtor.

9. The Professional has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the debtor.

10. The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the debtor or of any investment banker for any security of the debtor.

11. The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders with respect to the matter on which the Professional is to be employed, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker for any security of the debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

> N/A

12. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:

> David Spear, R.L. Spear, 5776 D Lindero Canyon Rd., #409, Westlake Village, CA 91362, 818 735-0822

13. The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows *(specify, attaching extra pages as necessary)*:s

> n/a

14. Total number of attached pages of supporting documentation: 11

After conducting or supervising the investigation described in Paragraph 5 above, I

declare under penalty of perjury under the laws of the United States of America, that the

foregoing is true and correct except that I declare that Paragraphs 6 through 11 are

stated on information and belief.

DATED: ~~October    , 2019~~

April 7, 2021

Respectfully submitted,

R.L. Spear Co, Inc.

By: _____
David Spear

EDM 2710871v1

-6-

1

## <u>DECLARATION OF ELISSA D. MILLER</u>

2

3      I, Elissa D. Miller, do hereby declare:

4      1.    That I am the duly appointed Trustee in the above estate.

5      2.    I have prepared the foregoing application and know its contents to be true

and correct.

6

7      3.    I have read the Declaration of David Spear.   I am familiar with the firm and

know it to be a competent auctioneer.   In addition to the information set forth in the

8

attached resume, I discussed with Mr. Spear, Spear's experience in selling similar assets.

9

10      4.    I am satisfied that Spear is a disinterested persons as defined by the

provisions of the Bankruptcy Code and that the employment of Spear under the

11

circumstances and terms set forth herein is in the best interest of this bankruptcy estate.

12

13      I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

14

15         Executed April 9, 2021 , at Los Angeles, California.

16

17                        /s/ *Elissa D. Miller*
                     Elissa D. Miller, Trustee

18

19

20

21

22

23

24

25

26

27

28

EDM 2710871v1                                                -7-

0009

# EXHIBIT 1

# R.L. Spear Co., Inc.
## 5776 D Lindero Canyon Road, #409
## Westlake Village, CA 91362
## 818/735-0822    fax 805/845-3808   www.rlspear.com

March 23, 2021

Elissa Miller
Chapter 7 Trustee

via e-mail: emiller@sulmeyerlaw.com

Dear Ms. Miller,

Thank you for allowing me to inspect the assets of the estate located at 150 W. Ivy, Inglewood, CA.  After our inspection of the assets, (4 hybrid vehicles) I believe that a public on-line auction will maximize return to the estate by liquidating the assets in a timely and efficient manner.

## **ASSETS**

The assets consist of 4 hybrid vehicles, used in the estate's car rental business.

## **SCOPE**

Let me briefly discuss our auction process, so that you are aware of considerations concerning time and costs.

Upon employment, R.L. Spear, Co., Inc. will immediately post on its website and several other websites announcement of an upcoming sale of the vehicles.

As soon as practicable, we will transport the vehicles to property controlled by R.L. Spear Co. for storage and sale.  We will catalog and photograph all items for posting on our website at RLSpear.com.  All estate property will be posted on our website for viewing by interested parties.

Advertising is the most critical component of a successful auction.  We will use a three-pronged approach by contacting our extensive buyer base of over 10,000 auction buyers, by

advertising in local and national media, and by targeting those companies most likely to have an interest in purchasing the assets.

The auction will be scheduled at a time and date that best allows proper notice and advertising coverage, while minimizing storage costs.  We will work with you in determining a best possible sale date as soon as possible, with the goal of finalizing auction sale in April, 2021.

Upon completion of the sale, our computer will print invoices for every registered buyer against which we will release the merchandise.  Nothing is taken before the end of the sale or before the bill is paid in full.  A full accounting of all auction proceeds is provided to you.  To protect both us and our client all bills are to be paid either in cash, cashier's check, Mastercard or Visa, business check with a bank letter of guaranteed payment, or business check with the client's approval.  The checkout process begins after the conclusion of the sale.  All vehicles will be transferred to the buyer's within several days of auction sale.

## COMPENSATION

R.L. Spear Co. will receive as compensation 10% of gross receipts.  Commission will be deducted from the proceeds of the sale if deemed acceptable by the Court.

We will charge a 13% Buyer's Premium to all buyers at the auction.  This is a standard charge that has become customary at auction sales, and auction buyers will be aware that a premium will be paid and retained by R.L. Spear Co.

## EXPENSES

Expenses for this sale, including all advertising, labor, permits, etc., shall be reimbursed to R.L. Spear Co., Inc. from auction proceeds.  No outlay of cash will be required from you for purposes of advertising and/or conducting the auction sale.  At this time, we estimate expenses at no more than $2,000.00 which is primarily for transportation, storage and cleaning.

## ESTIMATE

We estimate the value of the 4 vehicles to be approximately $25,000.00 at a publicly advertised and held auction.

We have found the on-line auction method to be superior for selling inventories and equipment from a return standpoint as well as from a time management perspective.  We look forward to another sale in which all parties are well satisfied.

If you have any questions regarding this proposal, please feel free to contact me via cell or email.

Thank you for this opportunity to be of service.


Sincerely,

*David Spear*

David Spear
R.L. Spear Co., Inc.

# EXHIBIT 2

<u>R.L. Spear Co., Inc.</u>
<u>David Spear, Auctioneer</u>
<u>RESUME</u>

Founded 1963

Incorporated 1973

R.L. Spear Co., Inc. provides services related to asset conversion for
general industry, commercial enterprises and estates.  Services
include outcall auctions, web-cast auctions, internet auctions, closed
bid sales, liquidations, appraisals, outright purchases and
merchandise sold on consignment.

Auction experience includes 50 years in industrial and commercial
auction sales.  David Spear has worked in the auction field since
1967, providing auction coordination and logistic services, and has
served as head auctioneer since 1989.  He has conducted
approximately 2500 auctions, locally and nationwide.

Member:    National Auctioneer's Association
           California State Auctioneer Association
           Southern California Auctioneer's Association
            Trustee- SCAA 1997-2019, Vice-President 2006-07
            President- 2008-2009

Bond:  # MS237-58-08 Great American Insurance Co.

Graduate, Missouri Auction School, 2004

All auction records kept by Maxanet Auction Systems

Experience in live out-call auctions, internet auctions, simultaneous
live and on-line call auctions, sealed bids, bulk-sale offers, negotiated
private treaty sales, estate sales and liquidation sales.

R.L. Spear Co., Inc. has auctioned assets in many different industries.  Typical categories include computers and data processing equipment, printing and mailing equipment, metal working machinery, warehouse equipment, office supplies, office furniture and equipment, restaurant equipment, woodworking equipment, commercial store fixtures and equipment, pharmaceutical equipment, cinemagraphic and video equipment, recording equipment, trucks and heavy equipment, aerospace supplies and equipment, garment manufacturing equipment, automotive parts inventories, vehicles, consumer goods and electronics, estates & household furnishings, test equipment, etc.

R.L. Spear Co., Inc. has provided auction and appraisal services for private and public companies as well as banks, financial institutions, leasing companies, FTC, SEC, FDIC, State of California, State Court, Federal Court, Probate Court, State Court Receivers and Trustees of the U.S. Bankruptcy Court.

# R.L. Spear Co., Inc.

Reference List

**James H. Donell**
**Receiver of Citadel Capital**
**310/ 207-8481**

**Robb Evans & Associates**
**Receiver for Mowbray Tree Service, et al.**
**Brick Kane**
**Kent Johnston**
**818/ 768-8100**

**Byron Moldo**
**Assignee for the Benefit of Creditors, HBS  Equipment Corp.**
**310/ 551-3100**

**Rob Chute**
**Facilities Coordinator**
**Herbalife**
**310/ 410-9600 x52160**

**Ray Wolffe**
**President**
**Bardwell & McAlister Inc.**
**818/ 771-1281**

**Robert Greenfield**
**Warner Bros. Studio Facilities**
**818/ 954-5690**

# EXHIBIT 3

BOND NO. **999021998**                                                  $100,000.00

## SURETY BOND

KNOW ALL MEN BY THESE PRESENTS, THAT, R. L. Spear Co., Inc.

herein after called the Principal (Auctioneer), and The Ohio Casualty Insurance Company
hereinafter called Surety, are held and firmly bound unto the United States of America and/or the
United States Trustee hereinafter called the Obligee in the aggregate sum of One Hundred

Thousand Dollars And Zero Cents

Dollars ($100,000.00      ) for the payment whereof to the Obligee, the Principal
and Surety hereby bind themselves, their successors and assigns, jointly and severally, firmly by
these presents.

WHEREAS, the Principal and Obligee will from time to time conduct auctions on behalf of
the United States Trustee and/or the United States Bankruptcy Court, and as a condition to perform
such auctions the United States Trustee requires that a surety bond be posted to secure the faithful
performance of such auctions.

NOW, THEREFORE, the condition of this obligation is such that if the above bound
Principal shall faithfully perform the duties of an auctioneer and account for all monies received
and in all things comply with the requirements of the United States Trustee and/or the United
States Bankruptcy Court, then this obligation shall be null and void.

PROVIDED, HOWEVER, that the Surety or Principal may cancel this bond by giving
thirty (30) days prior notice in writing to the Obligee such notice to be given by certified mail.
Such cancellation shall not affect any liability incurred under this bond prior to the effective date of
such cancellation.

LIABILITY UNDER THIS BOND SHALL COMMENCE ON THE 25th                DAY OF
October          , 2019        .

SIGNED, SEALED AND DATED THIS 25th     DAY OF October          , 2019        .


R. L. Spear Co., Inc.

ATTEST:                              Principal (Auctioneer)


                                     By:


                                     The Ohio Casualty Insurance Company
                                     Surety

                                     By: _____
                                     Nadine R. Weilersbacher - Attorney in Fact

LMS-21040e 06 /19

0019



This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

The Ohio Casualty Insurance Company

# POWER OF ATTORNEY

Principal: R. L. Spear Co., Inc.

Agency Name: E. R. Munro & Company                                   Bond Number: 999021998

Obligee: United States Bankruptcy Court, Central District of CA

Bond Amount: ($100,000.00      ) One Hundred Thousand Dollars And Zero Cents

**KNOW ALL PERSONS BY THESE PRESENTS:** that The Ohio Casualty Insurance Company, a corporation duly organized under the laws of the State of New Hampshire (herein collectively called the "Company"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint **Nadine R. Weilersbacher** in the city and state of **Pittsburgh, PA**, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Company in their own proper persons.

**IN WITNESS WHEREOF,** this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of the Company has been affixed thereto this 26th day of September, 2016.

The Ohio Casualty Insurance Company

By: _David M. Carey_
David M. Carey, Assistant Secretary

STATE OF PENNSYLVANIA
COUNTY OF MONTGOMERY    ss

On this 26th day of September, 2016, before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of The Ohio Casualty Insurance Company and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as duly authorized officer.

**IN WITNESS WHEREOF,** I have hereunto subscribed my name and affixed my notarial seal at King of Prussia, Pennsylvania, on the day and year first above written.



**COMMONWEALTH OF PENNSYLVANIA**
Notarial Seal
Teresa Pastella. Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires March 28, 2021
Member Pennsylvania Association of Notaries

By: _Teresa Pastella_
Teresa Pastella, Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-law and Authorizations of The Ohio Casualty Insurance Company, which is now in full force and effect reading as follows:

**ARTICLE IV – OFFICERS:** Section 12. Power of Attorney.
Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

**Certificate of Designation** – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

**Authorization** – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature or electronic signatures of any assistant secretary of the Company or facsimile or mechanically reproduced or electronic seal of the Company, wherever appearing upon a certified copy of any power of attorney or bond issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Renee C. Llewellyn, the undersigned, Assistant Secretary, of The Ohio Casualty Insurance Company do hereby certify that this power of attorney executed by said Company is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seals of said Company this _25th_    day of _October_ _____, _2019_ .



By: _Renee Llewellyn_
Renee C. Llewellyn, Assistant Secretary

*(left margin, vertical text)* Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.

*(right margin, vertical text)* To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

POAOutputOCe

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO EMPLOY R.L. SPEAR CO., INC. AS AUCTIONEER; TO AUTHORIZE PUBLIC SALE BY AUCTIONEER AND TO PAY AUCTIONEER UPON CONCLUSION OF SALE IN ACCORDANCE WITH THE TERMS HEREOF; STATEMENT OF DISINTERESTEDNESS; DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 15, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Stephen L Burton on behalf of Debtor Simply Hybrid, LLC
steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com

Elissa Miller (TR)
CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 15, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 15, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

2. <u>**SERVED BY U.S. MAIL**</u>

<u>Debtor</u>
Simply Hybrid, LLC
150 W Ivy Avenue
Inglewood, Ca 90302-2907

<u>All Creditors</u>

Ali Saman
1824 Fairford Drive
Fullerton, CA 92833-1511

Ottmar Benavides c/o
Law Offices of Benjamin Davidson
8383 Wilshire Blvd, Suite 830
Beverly Hills, CA 90211-2445

William Becker
Attorney at Law
2711 North Sepulveda Blvd Suite 236
Manhattan Beach, CA 90266-2725

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**

0022

# EXHIBIT B

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Elissa D. Miller<br>  emiller@sulmeyerlaw.com<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071-1406<br>Telephone 213.626.2311<br>Facsimile 213.629.4520<br><br><br><br><br>☐  *Debtor(s) appearing without an attorney*<br>☒  *Chapter 7 Trustee* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SIMPLY HYBRID, LLC,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:21-bk-11697-BR<br>CHAPTER: 7<br><br>---<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>---<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s)  Elissa D. Miller, Chapter 7 Trustee_____ ,
    filed a motion or application (Motion) entitled **Application By Chapter 7 Trustee For Authority To Employ R.L. Spear Co., Inc. As Auctioneer; To Authorize Public Sale By Auctioneer And To Pay Auctioneer Upon Conclusion Of Sale In Accordance With The Terms Hereof; Statement Of Disinterestedness; Declaration In Support Thereof [Docket No. 15]**

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

    ☒  The full Motion is attached to this notice; or

    ☐  The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

   a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

   b.  If you fail to comply with this deadline:

      (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

      (2)  Movant will lodge an order that the court may use to grant the Motion; and

      (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  04/15/2021

/s/Elissa D. Miller
Signature of Movant or attorney for Movant

Elissa D. Miller
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 2            F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

0024

**ATTACHMENT**

1  Elissa D. Miller
   emiller@sulmeyerlaw.com
2  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071
3  Telephone: 213.626.2311
4  Facsimile: 213.629.4520

5  Chapter 7 Trustee

6                    **UNITED STATES BANKRUPTCY COURT**

7          **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

8
   In re                                    Case No. 2:21- bk-11697-BR
9
                                            Chapter 7
10 SIMPLY HYBRID, LLC,
                                            **APPLICATION BY CHAPTER 7 TRUSTEE**
11                                          **FOR AUTHORITY TO EMPLOY R.L.**
                                            **SPEAR CO., INC. AS AUCTIONEER; TO**
12              Debtor.                      **AUTHORIZE PUBLIC SALE BY**
                                            **AUCTIONEER AND TO PAY AUCTIONEER**
13                                          **UPON CONCLUSION OF SALE IN**
                                            **ACCORDANCE WITH THE TERMS**
14                                          **HEREOF; STATEMENT OF**
                                            **DISINTERESTEDNESS; DECLARATION IN**
15                                          **SUPPORT THEREOF**

16                                          **[11 U.S.C. § 327, FED.R. BANKR. P. 2014**
                                            **AND LOC. BANKR. R. 2014-1(B)]**
17
                                            **Auction Date:  To Be Set**
18
                                            No Hearing Date Required]
19

20 **TO THE  HONORABLE BARRY RUSSELL, UNITED STATE BANKRUPTCY JUDGE,**

21 **OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS AND ALL INTERESTED**

22 **PARTIES:**

23         Elissa D. Miller, the Chapter 7 Trustee (the "Trustee") for Simply Hybrid, LLC. (the

24 "Debtor") hereby files her "*Application By Chapter 7 Trustee For Authority To Employ R.L.*

25 *Spear Co., Inc. As Auctioneer; To Authorize Public Sale By Auctioneer And To Pay*

26 *Auctioneer Upon Conclusion Of Sale in Accordance with the Terms Hereof; Statement Of*

27 *Disinterestedness; Declaration In Support Thereof*"  (the "Application") pursuant to which

28 she seeks authority to retain R.L. Spear Co., Inc. ("Spear") as her auctioneer as follows:

EDM 2710871v1

0026

1.      On March 3, 2021  (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case. Elissa D. Miller was appointed as the Chapter 7 Trustee (the "Trustee") and has been serving in that capacity since.

2.      Following her appointment, the Trustee reviewed the pleadings and other documents filed in the case and met with the Debtor.  She also examined the Debtor at its meeting of creditors.

3.      The Trustee learned that prior to the Petition Date, the Debtor was in the car rental and chauffeuring business.  According to the Debtor its business suffered even before the pandemic due to the likes of Uber and Lyft.  The pandemic, according to the Debtor was the death knell of the business.

4.      At the time the Debtor ceased operating and filed the case, the Debtor owned the following four automobiles free and clear (the "Assets").  According to the Debtor, the condition of the all but the Suburban which is listed as good, is poor to fair with high mileage.

> 2015 Chevrolet Suburban – Black
>
> 2015 Toyota Prius – Black
>
> 2015 Toyota Prius – Gray
>
> 2013 Ford Escape - Black

5.      The Trustee and Spear met and viewed the Assets and so that Spear could value the Assets for Auction purposes.

6.      I have determined that the best and most feasible manner for liquidating the Assets is through the employment of Spear.

7.      Following discussions, Spear and I agreed that it was economically beneficial to sell the Assets and that Spear would move the assets to a safe location where they can be safeguarded prior to the sale.

8.      As this time, in order to facilitate the foregoing sale , it is necessary for me to employ a duly bonded auctioneer.  Upon the granting of this application, I will retain

EDM 2710871v1

-2-

0027

and employ Spear. Attached hereto as **Exhibit 1** is the Auction Proposal ("Auction Plan").

Spear has requested and I have agreed that it may subcontract portions of the work to

R.L.

      9.     Notice of this application to employ Spear (the "Notice") is being served

concurrently herewith and is being serviced on all creditors parties in interest.

      10.    The Sale will be conducted as an Internet Auction on the earliest date

following the approval of the employment to allow for optimal advertising.  The advertising

will provide that the items may be previewed at 11473 Gladstone Ave., Unit L, Sylmar,

CA 91432 prior to the bid close date.  Concurrently with filing this Application, I am

posting the notice of sale pursuant to Local Rule 6004-2 on the Court's website and

Spear will also advertise the sale to the public.

      11.    Based on Spear's review of the Assets, Spear is estimating the auction

value of the Assets will be approximately $25,000.

      12.    Spear has agreed to conduct the Auction as a public sale and in

consideration therefore will receive a ten percent (10%) commission from the estate, and

a (13%) buyer's premium from the purchasers plus an expense allowance from the estate

of not to exceed $2,000.00.

      13.    As detailed in the attached Auction Plan, the costs include advertising,

labor, permits, etc.

      14.    The Declaration of David Spear is attached hereto.  Mr. Spear is a

disinterested parties within the meaning of 11 U.S.C. § 101(14).  Based on Auctions

conducted by Spear for me in other cases and for other Trustees, I am confident that

Spear is fully competent to perform the services for which his is being employed.  A true

and correct copy of Spear's resume is attached hereto as **Exhibit 2** and his General

Auction Bond as **Exhibit 3.**

      15.    Spear will collect and pay sales tax under its resale license on all sales plus

the buyers' premium.  As the party collecting the funds, Spear is required by law to file

sales tax returns and remit the tax.

16.    The Auction will be an internet only auction.  However, prior to the sale the assets will be available to view on a specifically advertised day at set hours at the address above.  After the sale, successful buyers will be required to come to the same location (11473 Gladstone Ave., Unit L, Sylmar, CA 91432 ) to pick up their purchases. At all times when the assets are on view or available for pick up, a representative of Spear will be present.

17.    Assets left at the conclusion of the sale, if any, will be abandoned back to the Debtor.

18.    I wish to be able to pay Spear in accordance with the procedures set forth in Supervisory Instruction #10.  Spear understands that the gross proceeds shall be turned over to the Trustee, along an accounting within 21 days after the sale.  Within 30 days of receipt of the Report of Auctioneer, the trustee shall file with the court the Report with a brief Declaration asserting that: the Trustee has compared the Report of Auctioneer to the list of items/lots sold, indicating the Report is satisfactory, and request entry of an order approving the payment of compensation to Spear pursuant to the Notice of Sale and Report of Auctioneer and exoneration of the auctioneer of his bonds.

**WHEREFORE**, I respectfully request that I be authorized to employ R.L. Spear Co, Inc. as my auctioneer, for authority for Spear to conduct a public sale, and to pay Spear in accordance with the terms set forth herein upon entry of an Order, and that this Court grant such other and further relief as it may deem just and property.

DATED: April 9, 2021                    Respectfully submitted,


                                        /s/ *Elissa D. Miller*
                                        Elissa D. Miller
                                        Chapter 7 Trustee

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF
## PROFESSIONAL PERSON UNDER BANKRUPTCY RULE 2014

[The following information is supplied in conformity with United States Bankruptcy Court,

Central District of California, Form No. 2014-1]

1.    Name, address and telephone number of the professional ("the Professional")
       submitting this Statement:

        R.L. Spear Co., Inc., 5776 D Lindero Canyon Rd., #409,
        Westlake Village, CA 91362, 818 735-0822

2.    The services to be rendered by the Professional in this case are *(specify)*:

The Professional will act as auctioneer for the Estate of Simply Hybrid, LLC, Elissa D.

Miller, Chapter 7 Trustee.

3.    The terms and source of the proposed compensation and reimbursement of the
       Professional are *(specify)*:

        10% commission from estate; 13% buyer's premium plus
        costs estimated at not greater than $2,000.00.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against
       fees) half by the Professional are *(specify)*:

        None.

5.    The investigation of disinterestedness made by the Professional prior to submitting
       this Statement consisted of *(specify)*:

        I have carefully reviewed Spear's files and have determined
        that no conflict exists in connection with this matter.  I have
        determined that Spear does not represent anyone with any
        interests adverse to the Estate.  Further, Spear represents no
        creditor or other party in this Chapter 7 case and has no
        interest adverse to the Debtor or the Estate.  Therefore, to the
        best of my knowledge, information and belief, Spear is a
        disinterested party in the Debtor's Chapter 7 case as that term
        is defined by the Bankruptcy Code.

6.    The following is a complete description of all of the Professional's connections with
       the debtor, principals of the debtor, insiders, the debtor's creditors, any other party
       or parties in interest, and their respective attorneys and accountants, or any
       person employed in the Office of the United States Trustee *(specify, attaching
       extra pages as necessary)*:

        None

1    7.    The Professional is not a creditor, an equity security holder or an insider of the
2          debtor, except as follows *(specify, attaching extra pages as necessary)*:

           N/A
3
4    8.    The Professional is not and was not an investment banker for any outstanding
           security of the debtor.

5    9.    The Professional has not been within three (3) years before the date of the filing of
           the petition herein, an investment banker for a security of the debtor, or an
6          attorney for such an investment banker in connection with the offer, sale or
           issuance of any security of the debtor.
7
8    10.   The Professional is not and was not, within two (2) years before the date of the
           filing of the petition herein, a director, officer or employee of the debtor or of any
           investment banker for any security of the debtor.
9
10   11.   The Professional neither holds nor represents any interest materially adverse to
           the interest of the estate or of any class of creditors or equity security holders with
           respect to the matter on which the Professional is to be employed, by reason of
11         any direct or indirect relationship to, connection with, or interest in, the debtor or
           an investment banker for any security of the debtor, or for any other reason,
12         except as follows *(specify, attaching extra pages as necessary)*:

13         N/A

14   12.   Name, address and telephone number of the person signing this Statement on
           behalf of the Professional and the relationship of such person to the Professional
15         *(specify)*:

16         David Spear, R.L. Spear, 5776 D Lindero Canyon Rd., #409,
           Westlake Village, CA 91362, 818 735-0822
17
18   13.   The Professional is not a relative or employee of the United States Trustee or a
           Bankruptcy Judge, except as follows *(specify, attaching extra pages as
           necessary)*:s
19
           n/a
20
21   14.   Total number of attached pages of supporting documentation: 11

22         After conducting or supervising the investigation described in Paragraph 5 above, I

23   declare under penalty of perjury under the laws of the United States of America, that the

24   foregoing is true and correct except that I declare that Paragraphs 6 through 11 are

25   stated on information and belief.

     DATED:  ~~October~~    ~~2019~~
26             April 7, 2021                Respectfully submitted,

27                                          R.L. Spear Co, Inc.

28                                          By: _____
                                                 David Spear

     EDM 2710871v1                          -6-

# DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, do hereby declare:

1.    That I am the duly appointed Trustee in the above estate.

2.    I have prepared the foregoing application and know its contents to be true and correct.

3.    I have read the Declaration of David Spear.   I am familiar with the firm and know it to be a competent auctioneer.   In addition to the information set forth in the attached resume, I discussed with Mr. Spear, Spear's experience in selling similar assets.

4.    I am satisfied that Spear is a disinterested persons as defined by the provisions of the Bankruptcy Code and that the employment of Spear under the circumstances and terms set forth herein is in the best interest of this bankruptcy estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 9, 2021 , at Los Angeles, California.

_/s/ Elissa D. Miller_____
Elissa D. Miller, Trustee

EDM 2710871v1                                -7-

0032

# EXHIBIT 1

# R.L. Spear Co., Inc.
## 5776 D Lindero Canyon Road, #409
## Westlake Village, CA 91362
## 818/735-0822    fax 805/845-3808   www.rlspear.com

March 23, 2021

Elissa Miller
Chapter 7 Trustee

via e-mail: emiller@sulmeyerlaw.com

Dear Ms. Miller,

Thank you for allowing me to inspect the assets of the estate located at 150 W. Ivy, Inglewood, CA.  After our inspection of the assets, (4 hybrid vehicles) I believe that a public on-line auction will maximize return to the estate by liquidating the assets in a timely and efficient manner.

## ASSETS

The assets consist of 4 hybrid vehicles, used in the estate's car rental business.

## SCOPE

Let me briefly discuss our auction process, so that you are aware of considerations concerning time and costs.

Upon employment, R.L. Spear, Co., Inc. will immediately post on its website and several other websites announcement of an upcoming sale of the vehicles.

As soon as practicable, we will transport the vehicles to property controlled by R.L. Spear Co. for storage and sale.  We will catalog and photograph all items for posting on our website at RLSpear.com.  All estate property will be posted on our website for viewing by interested parties.

Advertising is the most critical component of a successful auction.  We will use a three-pronged approach by contacting our extensive buyer base of over 10,000 auction buyers, by

advertising in local and national media, and by targeting those companies most likely to have an interest in purchasing the assets.

The auction will be scheduled at a time and date that best allows proper notice and advertising coverage, while minimizing storage costs. We will work with you in determining a best possible sale date as soon as possible, with the goal of finalizing auction sale in April, 2021.

Upon completion of the sale, our computer will print invoices for every registered buyer against which we will release the merchandise. Nothing is taken before the end of the sale or before the bill is paid in full. A full accounting of all auction proceeds is provided to you. To protect both us and our client all bills are to be paid either in cash, cashier's check, Mastercard or Visa, business check with a bank letter of guaranteed payment, or business check with the client's approval. The checkout process begins after the conclusion of the sale. All vehicles will be transferred to the buyer's within several days of auction sale.

## COMPENSATION

R.L. Spear Co. will receive as compensation 10% of gross receipts. Commission will be deducted from the proceeds of the sale if deemed acceptable by the Court.

We will charge a 13% Buyer's Premium to all buyers at the auction. This is a standard charge that has become customary at auction sales, and auction buyers will be aware that a premium will be paid and retained by R.L. Spear Co.

## EXPENSES

Expenses for this sale, including all advertising, labor, permits, etc., shall be reimbursed to R.L. Spear Co., Inc. from auction proceeds. No outlay of cash will be required from you for purposes of advertising and/or conducting the auction sale. At this time, we estimate expenses at no more than $2,000.00 which is primarily for transportation, storage and cleaning.

## ESTIMATE

We estimate the value of the 4 vehicles to be approximately $25,000.00 at a publicly advertised and held auction.

We have found the on-line auction method to be superior for selling inventories and equipment from a return standpoint as well as from a time management perspective. We look forward to another sale in which all parties are well satisfied.

If you have any questions regarding this proposal, please feel free to contact me via cell or email.

Thank you for this opportunity to be of service.


Sincerely,

*David Spear*

David Spear
R.L. Spear Co., Inc.

# EXHIBIT 2

<u>R.L. Spear Co., Inc.</u>
<u>David Spear, Auctioneer</u>
<u>RESUME</u>

Founded 1963

Incorporated 1973

R.L. Spear Co., Inc. provides services related to asset conversion for general industry, commercial enterprises and estates.  Services include outcall auctions, web-cast auctions, internet auctions, closed bid sales, liquidations, appraisals, outright purchases and merchandise sold on consignment.

Auction experience includes 50 years in industrial and commercial auction sales.  David Spear has worked in the auction field since 1967, providing auction coordination and logistic services, and has served as head auctioneer since 1989.  He has conducted approximately 2500 auctions, locally and nationwide.

Member:    National Auctioneer's Association
           California State Auctioneer Association
           Southern California Auctioneer's Association
            Trustee- SCAA 1997-2019, Vice-President 2006-07
            President- 2008-2009

Bond:  # MS237-58-08 Great American Insurance Co.

Graduate, Missouri Auction School, 2004

All auction records kept by Maxanet Auction Systems

Experience in live out-call auctions, internet auctions, simultaneous live and on-line call auctions, sealed bids, bulk-sale offers, negotiated private treaty sales, estate sales and liquidation sales.

R.L. Spear Co., Inc. has auctioned assets in many different industries.  Typical categories include computers and data processing equipment, printing and mailing equipment, metal working machinery, warehouse equipment, office supplies, office furniture and equipment, restaurant equipment, woodworking equipment, commercial store fixtures and equipment, pharmaceutical equipment, cinemagraphic and video equipment, recording equipment, trucks and heavy equipment, aerospace supplies and equipment, garment manufacturing equipment, automotive parts inventories, vehicles, consumer goods and electronics, estates & household furnishings, test equipment, etc.

R.L. Spear Co., Inc. has provided auction and appraisal services for private and public companies as well as banks, financial institutions, leasing companies, FTC, SEC, FDIC, State of California, State Court, Federal Court, Probate Court, State Court Receivers and Trustees of the U.S. Bankruptcy Court.

# R.L. Spear Co., Inc.

Reference List

**James H. Donell**
**Receiver of Citadel Capital**
**310/ 207-8481**

**Robb Evans & Associates**
**Receiver for Mowbray Tree Service, et al.**
**Brick Kane**
**Kent Johnston**
**818/ 768-8100**

**Byron Moldo**
**Assignee for the Benefit of Creditors, HBS  Equipment Corp.**
**310/ 551-3100**

**Rob Chute**
**Facilities Coordinator**
**Herbalife**
**310/ 410-9600 x52160**

**Ray Wolffe**
**President**
**Bardwell & McAlister Inc.**
**818/ 771-1281**

**Robert Greenfield**
**Warner Bros. Studio Facilities**
**818/ 954-5690**

# EXHIBIT 3

BOND NO. **999021998**            $100,000.00

### SURETY BOND

KNOW ALL MEN BY THESE PRESENTS, THAT, R. L. Spear Co., Inc.

herein after called the Principal (Auctioneer), and The Ohio Casualty Insurance Company
hereinafter called Surety, are held and firmly bound unto the United States of America and/or the
United States Trustee hereinafter called the Obligee in the aggregate sum of One Hundred
Thousand Dollars And Zero Cents
           Dollars ( $100,000.00      ) for the payment whereof to the Obligee, the Principal
and Surety hereby bind themselves, their successors and assigns, jointly and severally, firmly by
these presents.

         WHEREAS, the Principal and Obligee will from time to time conduct auctions on behalf of
the United States Trustee and/or the United States Bankruptcy Court, and as a condition to perform
such auctions the United States Trustee requires that a surety bond be posted to secure the faithful
performance of such auctions.

         NOW, THEREFORE, the condition of this obligation is such that if the above bound
Principal shall faithfully perform the duties of an auctioneer and account for all monies received
and in all things comply with the requirements of the United States Trustee and/or the United
States Bankruptcy Court, then this obligation shall be null and void.

         PROVIDED, HOWEVER, that the Surety or Principal may cancel this bond by giving
thirty (30) days prior notice in writing to the Obligee such notice to be given by certified mail.
Such cancellation shall not affect any liability incurred under this bond prior to the effective date of
such cancellation.

LIABILITY UNDER THIS BOND SHALL COMMENCE ON THE 25th       DAY OF
October      , 2019     .

SIGNED, SEALED AND DATED THIS 25th    DAY OF October      , 2019      .

ATTEST:

R. L. Spear Co., Inc.
Principal (Auctioneer)

By:

The Ohio Casualty Insurance Company
Surety

By: Nadine R. Weilersbacher - Attorney in Fact

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.



**Liberty Mutual.**
SURETY

The Ohio Casualty Insurance Company

# POWER OF ATTORNEY

| | |
|---|---|
| Principal: R. L. Spear Co., Inc. | |
| Agency Name: E. R. Munro & Company | Bond Number: 999021998 |
| Obligee: United States Bankruptcy Court, Central District of CA | |
| Bond Amount: ($100,000.00     ) One Hundred Thousand Dollars And Zero Cents | |

**KNOW ALL PERSONS BY THESE PRESENTS:** that The Ohio Casualty Insurance Company, a corporation duly organized under the laws of the State of New Hampshire (herein collectively called the "Company"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint **Nadine R. Weilersbacher** in the city and state of **Pittsburgh, PA**, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Company in their own proper persons.

**IN WITNESS WHEREOF,** this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of the Company has been affixed thereto this 26th day of September, 2016.

The Ohio Casualty Insurance Company

By: _David M. Carey_
David M. Carey, Assistant Secretary

STATE OF PENNSYLVANIA  ss
COUNTY OF MONTGOMERY

On this 26th day of September, 2016, before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of The Ohio Casualty Insurance Company and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as duly authorized officer.

**IN WITNESS WHEREOF,** I have hereunto subscribed my name and affixed my notarial seal at King of Prussia, Pennsylvania, on the day and year first above written.



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires March 28, 2021
Member, Pennsylvania Association of Notaries

By: _Teresa Pastella_
Teresa Pastella, Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-law and Authorizations of The Ohio Casualty Insurance Company, which is now in full force and effect reading as follows:

**ARTICLE IV – OFFICERS:** Section 12. Power of Attorney.
Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and executed, such instruments shall be as binding as if signed by the President and attested by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

**Certificate of Designation** – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

**Authorization** – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature or electronic signatures of any assistant secretary of the Company or facsimile or mechanically reproduced or electronic seal of the Company, wherever appearing upon a certified copy of any power of attorney or bond issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Renee C. Llewellyn, the undersigned, Assistant Secretary, of The Ohio Casualty Insurance Company do hereby certify that this power of attorney executed by said Company is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seals of said Company this 25th  day of October          , 2019    .



By: _Renee C. Llewellyn_
Renee C. Llewellyn, Assistant Secretary

*(left margin)* Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.

*(right margin)* To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

POAOutputOCe

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  **APPLICATION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO EMPLOY R.L. SPEAR CO., INC. AS AUCTIONEER; TO AUTHORIZE PUBLIC SALE BY AUCTIONEER AND TO PAY AUCTIONEER UPON CONCLUSION OF SALE IN ACCORDANCE WITH THE TERMS HEREOF; STATEMENT OF DISINTERESTEDNESS; DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 15, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Stephen L Burton on behalf of Debtor Simply Hybrid, LLC
steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com

Elissa Miller (TR)
CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  April 15, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 15, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

2. SERVED BY U.S. MAIL

Debtor
Simply Hybrid, LLC
150 W Ivy Avenue
Inglewood, Ca 90302-2907

All Creditors

Ali Saman
1824 Fairford Drive
Fullerton, CA 92833-1511

Ottmar Benavides c/o
Law Offices of Benjamin Davidson
8383 Wilshire Blvd, Suite 830
Beverly Hills, CA 90211-2445

William Becker
Attorney at Law
2711 North Sepulveda Blvd Suite
236
Manhattan Beach, CA 90266-2725

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE
                                                             0045

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 15, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) April 15, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/15/2021 | Cheryl Caldwell | /s/ Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 3          **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**
0046

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Stephen L Burton on behalf of Debtor Simply Hybrid, LLC
steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com

Elissa Miller (TR)
CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov


2. <u>SERVED BY U.S. MAIL</u>



<u>Debtor</u>
Simply Hybrid, LLC
150 W Ivy Avenue
Inglewood, Ca 90302-2907


<u>All Creditors</u>


| | | |
|---|---|---|
| Ali Saman<br>1824 Fairford Drive<br>Fullerton, CA 92833-1511 | Ottmar Benavides c/o<br>Law Offices of Benjamin Davidson<br>8383 Wilshire Blvd, Suite 830<br>Beverly Hills, CA 90211-2445 | William Becker<br>Attorney at Law<br>2711 North Sepulveda Blvd Suite 236<br>Manhattan Beach, CA 90266-2725 |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 4                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

0047

**EXHIBIT C**

Elissa D. Miller
  emiller@sulmeyerlaw.com
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Chapter 7 Trustee

FILED & ENTERED

MAY 05 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re

SIMPLY HYBRID, LLC,

                Debtor.

Case No. 2:21-bk-11697-BR

Chapter 7

**ORDER GRANTING APPLICATION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO EMPLOY R.L. SPEAR CO., INC. AS AUCTIONEER; TO AUTHORIZE PUBLIC SALE BY AUCTIONEER AND TO PAY AUCTIONEER UPON CONCLUSION OF SALE IN ACCORDANCE WITH THE TERMS HEREOF**

**[Relates to Docket Nos. 15 & 20]**

**Auction Date:  May 11, 2021. 2:00 a.m.**

No Hearing Date Required]

The "*Application By Chapter 7 Trustee For Authority To Employ R.L. Spear Co., Inc. As Auctioneer; To Authorize Public Sale By Auctioneer And To Pay Auctioneer Upon Conclusion Of Sale in Accordance with the Terms Hereof; Statement Of Disinterestedness; Declaration In Support Thereof*"  (the "Application") [Dkt. No. 15] filed by Elissa D. Miller, the Chapter 7 Trustee (the "Trustee") for Simply Hybrid, LLC. (the "Debtor") pursuant to which she seeks authority to retain R.L. Spear Co., Inc. ("Spear") came on regularly before the Court.

EDM 2711672v1

0048

1    The Court read and considered the Application and noted that no opposition,

2    objection or request for hearing was filed and finding that good and adequate cause

3    appearing therefore,

4        **HEREBY ORDERS** that:

5        1.    The Application is approved;

6        2.    R.L. Spear is employed as the estate's auctioneer to auction the estate's

7    assets as set forth in the Application;

8        3.    Spear is authorized to conduct the sale as an internet auction;

9        4.    Spear shall be entitled to receive a ten percent (10%) commission from the

10   estate, and a (13%) buyer's premium from the purchasers plus an expense allowance

11   from the estate of not to exceed $2,000.00 and shall be paid as set forth in the

12   Application; and

13       5.    The Trustee is authorized to take any and all other actions necessary or

14   appropriate to auction the automobiles consistent with the Application.

15                                    # # #

16

17

18

19

20

21

22

23

24   Date: May 5, 2021

25                                    Barry Russell
                                      United States Bankruptcy Judge

26

27

28

EDM 2711672v1                          -2-

0049

**EXHIBIT D**

1    Elissa D. Miller
     *emiller@sulmeyerlaw.com*
2    333 South Grand Avenue, Suite 3400
    Los Angeles, California 90071
3    Telephone: 213.626.2311
    Facsimile: 213.629.4520
4

5    Chapter 7 Trustee

6

7

8               **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10
    In re
11

12    SIMPLY HYBRID, LLC,

13

14              Debtor.

15

16

17

18

19

| | |
|---|---|
| In re | Case No. 2:21-bk-11697-BR |
| | Chapter 7 |
| SIMPLY HYBRID, LLC, | **REPORT OF AUCTIONEER AND APPLICATION FOR FEES AND EXPENSES** |
| Debtor. | No Hearing Date Required] |

20

21    **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

22    **THE OFFICE OF THE UNITED STATES TRUSTEE AND TO ALL PARTIES IN**

23    **INTEREST:**

24         R. L. Spear Co., Inc. ("Spear") hereby submits its report and respectfully

25    represents as follows:

26         1.     Spear was employed by Elissa D. Miller Chapter 7 Trustee of the above

27    entitled estate pursuant to the pursuant to the "Order Granting Application By Chapter 7

28    Trustee For Authority To Employ R.L. Spear Co., Inc. As Auctioneer; To Authorize Public

EDM 2711672v1

1  Sale By Auctioneer And To Pay Auctioneer Upon Conclusion Of Sale in Accordance with

2  the Terms Hereof entered on May 5, 2021 [Docket No. 27] to conduct a sale of the

3  Debtor's personal property consisting of four used automobiles (the Assets.).

4       2.     The *Auction* was duly noticed and conducted by Spear on May 11, 2021.

5       3.     Attached hereto as Exhibit 1 is a true and correct copy of the auction report

6  ("Auction Report") prepared by Spear in connection with the Auction.  The Auctioneer incurred

7  costs commission, buyer's premium, labor, advertising and a bond premium in the total amount of

8  $15,960.76.

9       **WHEREFORE**, Spear requests that the Trustee be authorized to pay it the total

10  amount of $15,960.76 for costs and expenses incurred as set forth herein.

11  DATED:May ___, 2021          R.L. Spear, Co., Inc.

12

13  _____

14  David Spear

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

| | Hammer | Buyers Prem | Total |
|---|---|---|---|
| | $ 8,659.00 | $ 1,125.67 | $9,784.67 |
| | $ 10,400.00 | $ 1,352.00 | $11,752.00 |
| | $ 8,450.00 | $ 1,098.50 | $9,548.50 |
| | $ 26,973.43 | $ 3,501.87 | $30,439.30 |
| | **$ 54,482.43** | **$7,078.04** | **$61,524.71** |

| Invoice | Type | Bidder Details | Item Total | Premium | Tax | Fees | Total | Paid | Balance | Status | Actions |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05112021-1762-972 Emailed on May 11th, 2021 05:41 PM | | 1762 peter Vescio #1310, 9/2022 | $10,400.00 | $1,352.00 | $0.00 | $0.00 | $11,752.00 | $11,752.00 | $0.00 | | |
| 05112021-6228-970 Emailed on May 11th, 2021 05:41 PM | | 6228 dane dunn | $26,937.43 | $3,501.87 | $0.00 | $0.00 | $30,439.30 | $30,439.30 | $0.00 | | |
| 05112021-17031-973 Emailed on May 11th, 2021 05:41 PM | | 17031 sakit bibra #4177, 7/2024 | $8,659.00 | $1,125.67 | $0.00 | $0.00 | $9,784.67 | $9,784.67 | $0.00 | | |
| 05112021-18719-971 Emailed on May 11th, 2021 05:41 PM | | 18719 Kira Jai #7128, 7/2023 | $8,450.00 | $1,098.50 | $0.00 | $0.00 | $9,548.50 | $9,548.50 | $0.00 | | |

| | | | | |
|---|---|---|---|---|
| Gross Total | | **$61,524.71** | **$61,524.71** | |
| Less Buyer's Premium | $ | 7,078.04 | -7078.04 | |
| Less Commssion | $ | 7,082.72 | -7082.72 | $ 54,482.43 x.13    $    7,082.72 |
| Less Expenses | $ | 1,800.00 | -1800 | |
| **Total to Estate** | | | **45563.95** | |

| | | | |
|---|---|---|---|
| expenses | pick up | $ | 600.00 |
| | storage | $ | 800.00 |
| | cleaning | $ | 100.00 |
| | advertising | $ | 200.00 |
| | check out | $ | 100.00 |

0053

**EXHIBIT E**

1  Elissa D. Miller
     emiller@sulmeyerlaw.com
2  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071
3  Telephone: 213.626.2311
   Facsimile: 213.629.4520
4

5  Chapter 7 Trustee

6

7

8               **UNITED STATES BANKRUPTCY COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10
   In re                                    Case No. 2:21-bk-11697-BR
11
                                            Chapter 7
12  SIMPLY HYBRID, LLC,
                                            **ORDER APPROVING TRUSTEE'S**
13                                          **RECOMMENDATION RE REPORT OF**
                                            **AUCTIONEER AND COMPENSATION OF**
14              Debtor.                      **AUCTIONEER FEES AND EXPENSES**
                                            **AND EXONERATION OF AUCTIONEER'S**
15                                          **BOND**

16
                                            [No Hearing Date Required]
17

18

19

20

21        It appearing that Elissa D. Miller, Chapter 7 Trustee, did file a Report of Auctioneer

22  and Application for Fees and Expenses [Docket No. ▢] ("Report of Auctioneer") there

23  being no objection to the allowance of the Report of Auctioneer, and the Court being fully

24  advised, and good cause appearing,

25        **IT IS HEREBY ORDERED:**

26        1.      The Report of Auctioneer is in accordance with the Order of this Court and

27  is hereby approved;

28

EDM 2711672v1

                                                              0054

1   2.  The Trustee is authorized to pay to R.L. Spear Co., Inc. final expenses in

2 the total sum of $15,960.76;

3   3.  The Trustee is authorized to pay such expenses from the funds in her

4 possession; and

5   4.  The Auctioneer's bond is exonerated.

6              **# # #**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S RECOMMENDATION RE REPORT OF AUCTIONEER AND COMPENSATION OF AUCTIONEER FEES AND EXPENSES AND EXONERATION OF AUCTIONEER'S BOND** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 28, 2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Stephen L Burton**    steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com

**Krikor J Meshefejian**    kjm@lnbyb.com

**Elissa Miller (TR)**    CA71@ecfcbis.com,
MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**Edward M Wolkowitz**    emw@lnbyb.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  May 28, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Simply Hybrid, LLC
150 W Ivy Avenue
Inglewood, Ca 90302-2907

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 28, 2021 | Cheryl Caldwell | */s/Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2711145v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                      **F 9013-3.1.PROOF.SERVICE**